IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCHOPPE-RICO,<br><br>    Plaintiff,<br><br>  v.<br><br>INMATE LITTLEMOON, et al,<br><br>    Defendants. | No. C 09-0321 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>(Docket No. 2) |

    Plaintiff, currently incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement. Plaintiff has also filed a motion to proceed *in forma pauperis* (docket no. 2), which is GRANTED in a separate order filed simultaneously. On March 19, 2009, Plaintiff filed an amended complaint. In this order, the Court reviews Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and dismisses the amended complaint with leave to amend within thirty days.

## DISCUSSION

    As a preliminary matter, Plaintiff has filed a complaint involving over seventy different Defendants, and many unrelated claims, labeled as claims one through six, as well as 457 pages of attached exhibits. The claims in the complaint are wide-ranging and include alleged violations of Plaintiff's rights regarding loss of property, denial of access to the courts through use of legal materials and the law library, denial of access to

medical care regarding the treatment for a cyst, denial of access to vision care, violation of Plaintiff's rights regarding his placement in the S.H.U. after debriefing and an alleged conspiracy to murder Plaintiff. However, because these claims are not properly joined, Plaintiff's complaint cannot proceed. Because the Court cannot determine on which of the improperly joined claims Plaintiff wishes to proceed, the Court now dismisses the complaint with leave to amend within thirty (30) days as set forth below.

I     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II     Legal Claims

Plaintiff's complaint includes a brief recitation of facts and a separate list of over 70 separate Defendants, along with 6 separate claims, which apparently all involve different Defendants and different events. These claims are not properly joined. Federal Rule of Civil Procedure Rule 20 provides,

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of

2

> transactions or occurrences ***and*** if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a) (emphasis added).  Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . .on such terms as are just.  F. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

In this case, Plaintiff asserts many unrelated claims against different Defendants.  This Court is unable to determine which of the many listed claims is Plaintiff's primary complaint.  Therefore, the Court now dismisses the complaint with leave to amend.

The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Rule 20(a) requires that a plaintiff cannot assert a grab-bag of unrelated claims against different defendants.  In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

In filing his amended complaint, Plaintiff should also comply with the appropriate rules regarding civil complaints.  Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

Plaintiff's complaint fails to provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual Defendant that he asserts is responsible for a constitutional violation.  Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim.  While Plaintiff may attach exhibits in support of his claims, he must identify how each applies to his claims.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

Moreover, Plaintiff has named several inmates, private citizens, as Defendants in this action. A private individual does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974), *cert. denied*, 421 U.S. 949

4

1  (1975).  Simply put: there is no right to be free from the infliction of constitutional
2  deprivations by private individuals.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831,
3  835 (9th Cir. 1996).  Plaintiff shall be mindful that private individuals cannot be held
4  liable under § 1983.

5      The complaint need not be long.  In fact, a brief and clear statement with regard to
6  each claim listing each Defendant's actions regarding that claim is preferable.  Plaintiff
7  should state his claims simply and need not present a lengthy history unrelated to the
8  actions he complains about.  The amended complaint should comply with Rule 8 and
9  provides a brief and coherent recitation of his claims regarding only those Defendants
10 who are properly joined.  Accordingly, the complaint is DISMISSED WITH LEAVE TO
11 AMEND. Plaintiff will be provided with thirty days in which to amend to correct the
12 deficiencies in his complaint.

## CONCLUSION

14     For the foregoing reasons and for good cause shown,

15     1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated
16 above.  Plaintiff shall file an amended complaint within ***thirty (30) days from the date of***
17 ***this order*** in which he asserts factual allegations against all Defendants named therein.
18 The amendment must include the caption and civil case number used in this order and
19 the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure
20 to amend within the designated time will result in dismissal of the complaint.

21     2. Plaintiff is advised that an amended complaint supersedes the original
22 complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint
23 which are not alleged in the amended complaint."  *London v. Coopers & Lybrand*, 644
24 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no
25 longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,
26 506 U.S. 915 (1992).

 1       3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
 2   Court informed of any change of address and must comply with the Court's orders in a
 3   timely fashion. Failure to do so may result in the dismissal of this action under Federal
 4   Rule of Civil Procedure 41(b).
 5       IT IS SO ORDERED.
 6   DATED: May 19, 2009

                                                  */s/ Jeffrey S. White*
                                      JEFFREY S. WHITE
                                      United States District Judge

|  |  |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

JOHN SCHOPPE-RICO,

       Plaintiff,

  v.

LITTLEMOON et al,

       Defendant.
                                     /

Case Number: CV09-00321 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 19, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John M. Schoppe-Rico
Pelican Bay State Prison
P.O. Box 7500
V11328
Crescent City, CA 95532

Dated: May 19, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk