1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SCHOPPE-RICO,      )    No. C 09-0321 JSW (PR)
                    )
        Plaintiff,    )
                    )    **SECOND ORDER OF DISMISSAL**
   v.             )    **WITH LEAVE TO AMEND**
                    )
INMATE LITTLEMOON, et al,  )
                    )    (Docket Nos. 10, 11, 16, 18)
        Defendants.   )
                    )
                    )

_____

      Plaintiff, currently incarcerated at Pelican Bay State Prison in Crescent City, California, filed a civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement and, later, an amended complaint.  On May 19, 2009, the Court reviewed Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and dismissed the amended complaint with leave to amend within thirty days, with instructions to Plaintiff that he must file an amended complaint that complies with Federal Rules of Civil Procedure 20(a) and 8(d).  The Court provided Plaintiff with the rules regarding joinder of Defendants and pleading requirements.

      Thereafter, Plaintiff filed a request for an extension of time, which is now DENIED as moot (docket no. 10) and Plaintiff's amended complaint is deemed timely filed.  Plaintiff also filed a motion seeking service of the complaint and summons on named Defendants (docket no. 11).  Plaintiff's motion is DENIED without prejudice (docket no. 11), as the amended complaint cannot proceed until it is reviewed under 28

1   U.S.C. § 1915A and complies with the Court's orders regarding proper joinder and

2   specificity in the complaint (docket no. 11).

3       Plaintiff has since filed another amended complaint (docket no. 15), which the

4   Court now reviews under 28 U.S.C. § 1915A.  The Court will again dismiss Plaintiff's

5   complaint with leave to file an amended complaint that complies with Federal Rules of

6   Civil Procedure 20(a) and 8(d) within 30 days from the date of this order.

7                                **DISCUSSION**

8       Plaintiff has once again filed a complaint involving many unrelated claims and

9   Defendants.  The claims in the complaint are wide-ranging and include alleged violations

10  of Plaintiff's rights regarding loss of property, denial of access to the courts through use

11  of legal materials and the law library, denial of access to medical care regarding the

12  treatment for a cyst, denial of access to vision care, violation of Plaintiff's rights

13  regarding his placement in the S.H.U. after debriefing and an alleged conspiracy to

14  murder Plaintiff.  Plaintiff has failed to comply with the Court's instructions to file only

15  those claims against Defendants that are properly joined. Therefore, Plaintiff's complaint

16  cannot proceed.  Because the Court cannot determine on which of the improperly joined

17  claims Plaintiff wishes to proceed, the Court now dismisses the complaint with leave to

18  amend within thirty (30) days as set forth below.

19  I       Standard of Review

20      Federal courts must engage in a preliminary screening of cases in which prisoners

21  seek redress from a governmental entity or officer or employee of a governmental entity.

22  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

23  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

24  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

25  defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be

26  liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.

27

28                                        2

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II    Legal Claims

Plaintiff's complaint is excessively wordy and does not clearly set out the basis for each Defendant's liability and information regarding why his claims and Defendants are properly joined.

As the Court previously notified Plaintiff, Federal Rule of Civil Procedure Rule 20 provides,

> All persons. . .may be joined in one action  as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences ***and*** if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a) (emphasis added).  Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . .on such terms as are just.  F. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Rule 20(a) requires that a plaintiff cannot assert a grab-bag of unrelated claims against different defendants.  In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

In this case, Plaintiff asserts many unrelated claims against different Defendants.  Plaintiff has AGAIN repeated the same errors in his amended complaint.  There does not appear to be any commonality of right to relief arising out of his claims that his acne has

been untreated, his access to courts have been denied, and his other claims regarding an attack on Plaintiff in March 2008. Plaintiff cannot join these claims, he must file them as separate lawsuits, if he is so inclined. With regard to the instant action, this Court providing Plaintiff with one further attempt to determine himself which of the many listed claims he wishes to proceed on. If Plaintiff does not choose which is his primary complaint in the amended complaint, the Court will dismiss all but the first unrelated claim. Therefore, the Court now dismisses the complaint with leave to amend, providing Plaintiff with one further opportunity to file a complaint that only includes properly joined defendants and claims.

The Court again reminds Plaintiff that in filing his amended complaint, Plaintiff should also comply with the appropriate rules regarding civil complaints. Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

Plaintiff's amended complaint was no different than the first amended complaint in that it failed to provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim. While Plaintiff may attach exhibits in support of his claims, he must identify how each applies to his claims.

In the amended complaint that the Court now reviews, Plaintiff again provided lengthy lists of Defendants and a discussion of the facts he asserts in support of a claim, but he does not identify how each of the Defendants he listed violated his rights. Such a

1    complaint cannot proceed.

2         In his amended complaint, Plaintiff must establish legal liability of each person

3    for the claimed violation of his rights.  Liability may be imposed on an individual

4    defendant under section 1983 if the plaintiff can show that the defendant proximately

5    caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628,

6    634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A

7    person deprives another of a constitutional right within the meaning of section 1983 if he

8    does an affirmative act, participates in another's affirmative act or omits to perform an

9    act which he is legally required to do, that causes the deprivation of which the plaintiff

10   complains.  *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442

11   (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation

12   may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff

13   must instead "set forth specific facts as to each individual defendant's" deprivation of

14   protected rights.  *Leer*, 844 F.2d at 634.

15        With regard to the supervisory employees named, Plaintiff should be mindful that

16   a supervisor may be liable under § 1983 only upon a showing of (1) personal

17   involvement in the constitutional deprivation or (2) a sufficient causal connection

18   between the supervisor's wrongful conduct and the constitutional violation.  *Redman v.*

19   *County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor

20   therefore generally "is only liable for constitutional violations of his subordinates if the

21   supervisor participated in or directed the violations, or knew of the violations and failed

22   to act to prevent them."  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

23        The third amended complaint need not be long.  In fact, a brief and clear

24   statement with regard to each claim listing each Defendant's actions regarding that claim

25   is preferable.  Plaintiff should state his claims simply and need not present a lengthy

26   history unrelated to the actions he complains about.  The amended complaint should

27

28                                          5

comply with Rule 8 and provides a brief and coherent recitation of his claims regarding only those Defendants who are properly joined.  Accordingly, the amended complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

III.   Motions for Counsel

Plaintiff has filed two motions seeking appointment of counsel (docket nos. 16, 18).  However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525;  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*   Plaintiff has articulated his claims sufficiently well at this stage of the proceedings.  Plaintiff's motion is DENIED without prejudice, for want of exceptional circumstances (docket nos. 16, 18).

6

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED THIRD AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in dismissal of the complaint.

2.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  March 26, 2010

_____
JEFFREY S. WHITE
United States District Judge

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN SCHOPPE-RICO,

          Plaintiff,

   v.

LITTLEMOON et al,

          Defendant.

_____/

Case Number: CV09-00321 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 26, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John M. Schoppe-Rico V-11328
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: March 26, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk